UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

H & H Fast Properties Inc.,

    *Appellant / Debtor*

v.

Toorak Capital Partners, LLC,

    *Appellee.*

No. 25 CV 6564

Judge Lindsay C. Jenkins

MEMORANDUM OPINION AND ORDER

H&H Fast Properties ("H&H") appeals a bankruptcy court order granting Toorak Capital Partners' ("Toorak") motion to enforce a settlement agreement. [Dkt. 1.][1] For the following reasons, the appeal is dismissed as moot.

## I.  Background

Prior to the underlying bankruptcy case here, Toorak initiated a mortgage foreclosure action against an H&H principal in state court and in response, H&H filed for Chapter 11 bankruptcy in 2023. Approximately a year later, H&H and Toorak entered into a preliminary settlement agreement, and H&H submitted an unexecuted copy of that agreement for the bankruptcy court's approval through a Fed. R. Bank. R. 9019 motion. After H&H withdrew that motion, however, Toorak moved the bankruptcy court to enforce the settlement. On June 11, 2025, the bankruptcy court entered an order enforcing settlement, requiring H&H to submit a new Rule 9019 motion within 21 days. *See In re H & H Fast Props. Inc.*, 2025 WL 1649540 (Bankr. N.D. Ill. June 11, 2025). H&H did not comply with that deadline and instead appealed that order to this court. Meanwhile, Toorak filed a motion for a rule to show cause and for sanctions against H&H for its failure to comply.

On September 9, 2025, the U.S. Bankruptcy Trustee moved the bankruptcy court to either convert H&H's bankruptcy case into a Chapter 7 action, or to dismiss it. On January 21, 2026, H&H filed an amended Rule 9019 motion that complied with the bankruptcy court's earlier order to enforce settlement and the bankruptcy court approved the fully executed settlement agreement. [Dkt. 21-1 at 48–79.] It then granted the Trustee's motion to dismiss the bankruptcy case in a written order that also barred H&H from filing for bankruptcy relief under all chapters of the

---

[1]    Citations to docket filings generally refer to the electronic pagination provided by CM/ECF, which may not be consistent with page numbers in the underlying documents.

Bankruptcy Code for two years under 11 U.S.C. § 349(a). [*See* Dkt. 19-1; Dkt. 21-1 at 12–47; Dkt 23.]

## II. Discussion

There is no doubt that jurisdiction is determined at the time the notice of appeal is filed, something H&H observes in its brief. [Dkt. 20 at 3–4.] This requirement for jurisdiction remains "throughout the pendency of an action, not just at the time a case is filed." *Bd. of Educ. of Downers Grove Grade Sch. Dist. No. 58 v. Steven L.*, 89 F.3d 464, 467 (7th Cir. 1996). Generally, when a bankruptcy proceeding is dismissed, all related proceedings are automatically dismissed. *See, e.g., In re Statistical Tabulating Corp., Inc.,* 60 F.3d 1286, 1289 (7th Cir. 1995). An appeal becomes moot "when, because of an intervening event, the court cannot grant any effectual relief whatever in favor of the appellant." *Finch v. Treto*, 82 F.4th 572, 578 (7th Cir. 2023). That is the case here.

The bankruptcy court has now approved a fully executed settlement agreement between the parties and dismissed the Chapter 11 bankruptcy case. [*See* Dkt. 21-1 at 12–89; Dkt. 23.] Specifically, on January 21, H&H signed the settlement agreement, and the bankruptcy court dismissed the rule to show cause because the agreement in issue has been signed. [Dkt. 21-1 at 75.] That set of events renders this appeal moot.

H&H resists this conclusion, but none of its arguments are persuasive. First, H&H's supplemental brief was filed before the bankruptcy court acted on January 21. [Dkt. 20.] H&H urged this court to issue a ruling on the appeal *before* the motions pending before the bankruptcy court were set to be resolved on January 21. [Dkt. 20 at 7–8 (explaining that any dismissal order had not yet taken effect and urging this court to issue a ruling before the January 21 hearing).] But now that the bankruptcy court has approved the executed settlement agreement, dismissed the bankruptcy case, and vacated the show cause request, this appeal is now moot.

Second, as Toorak observes, instead of signing the settlement agreement, H&H could have continued to refuse to comply with the bankruptcy court's order and appealed any order issued in response to the motion to show cause for refusal to comply. *See In re Bullock*, 986 F.3d 733, 734 (7th Cir. 2021) (affirming a dismissal for mootness "because [appellant] complied with the very order … that he now seeks to challenge and because his underlying bankruptcy case was dismissed"). Instead, it complied with the bankruptcy court's instructions and filed an executed settlement agreement. "Debtor pursued none of these available litigation routes and cannot now reverse course." *Id*. at 737. The bankruptcy court's dismissal order is now final. That moots this appeal.

H&H argues that this court can still provide relief even "if the dismissal order eventually becomes effective" because this court can "invalidate the legal basis for the Rule to Show Cause proceedings," something that would also impact the two-year filing ban the bankruptcy court imposed on H&H. [Dkt. 20 at 7–8.] This argument is

a non-starter. H&H voluntarily agreed to the terms of the settlement by signing the agreement and the motion to show cause was dismissed. [Dkt. 21-1 at 75.] There is nothing for this court to reverse.

Nor is this court positioned to provide relief from the filing ban imposed by the bankruptcy court. The case H&H cites in support, *United States v. Buchman*, observed only that "the possibility of financial adjustments among the parties keeps a proceeding alive even if the sale cannot be upset." 646 F.3d 409, 411 (7th Cir. 2011). Here, the filing ban was imposed by the bankruptcy court in an order that is not the subject of H&H's notice of appeal in this case. [Dkt. 1 at 2 (noticing the appeal to bankruptcy court docket entries that granted the motion to enforce).] There is no relief for this court to provide.

## III. Conclusion

Because there remains no case or controversy on which relief could be granted, the court dismisses H&H Fast Properties' appeal.

Enter: 25-cv-6564
Date: February 13, 2026

_____
Lindsay C. Jenkins